**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IRA STEWART BRUCE,<br><br>*Plaintiff*,<br><br>v.<br><br>NORTHEAST CORRECTIONAL CENTER et al.,<br><br>*Defendant*. | ) | No. 2:25-cv-00034-JMD |

**<u>MEMORANDUM AND ORDER</u>**

*Pro se* inmate Ira Bruce brings claims against the defendants for (1) failure to protect and (2) failure to provide medical care. He alleges that after prison officials placed him in a shared cell, he and the other inmate learned that both of them had also been assigned to the bottom bunk. Bruce states that after a surprise attack he then "woke up" in his cell "beat up bloody and bruised" without knowing "what happened or how he got there." ECF 1 at 5. He adds that prison officials "repeatedly neglected" his treatment for injuries suffered from the altercation, such as bruising and memory loss. ECF 1 at 7. The Court granted Bruce's motion to proceed *in forma pauperis*, ECF 7, so the Court must examine his complaint pre-service to screen for frivolity, maliciousness, and failure to state a claim. 28 U.S.C. § 1915(e)(2). The Court accepts Bruce's well-pleaded facts as true and liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this deferential standard, Bruce has failed to state a claim.

Bruce's first claim fails to state sufficient facts to plausibly allege an Eighth Amendment violation. To establish that a prison official failed to protect him from the altercation, Bruce must plead that (1) the official's failure caused conditions that posed a "substantial risk of serious harm," and (2) that the official subjectively knew about that

serious risk and was "deliberately indifferent" to it. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). Bruce alleges that he and another inmate were both assigned to the same cell even though both were also assigned to be in the bottom bunk. When Bruce and the inmate asked a prison official on a Saturday to reassign one of them to a different cell, the official said they would have to wait until Monday. The other inmate then held up a "lock" withdrawn from his pocket and told the prison official that "there is going to be some motherf[*]cking problems" if the prison official did not immediately reassign one of the inmates to a different cell. ECF 1 at 5. Bruce alleges that the official responded, "I don't care," before declining to relocate either inmate. ECF 1 at 5. Sometime after that, the other inmate allegedly attacked Bruce.

These allegations are not enough to state a plausible claim for failure to protect. "[A] constitutional claim does not lie every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). "Even if [the prison official] misinterpreted whether the two men were getting along, it may show that he is a bad judge of interpersonal relations, but it does not mean he violated [Bruce's] constitutional rights by being deliberately indifferent." *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002). The alleged comment to the prison official that there would be "problems" is far too vague to put the prison official on notice "of facts from which the inference could be drawn that a *substantial risk* of *serious harm* exists"—and exists for Bruce, rather than the prison official. *Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) (cleaned up).

Bruce's second claim also fails as a matter of law. He asserts that medical officials were deliberately indifferent to his medical needs after the alleged assault. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Bruce alleges in conclusory fashion that prison officials have shown a "total disregard

and care for his injuries," ECF 1 at 7, 12, which he lists as multiple cuts, "knots that swelled up," bruises, a concussion, and "post-concussive" memory loss from his altercation with the other inmate, *id.*; ECF 1-1 at 32, 36.

Many of these alleged injuries are not medical needs that rise to constitutional significance. *Snyder v. Dakota City Corr. Facility*, No. 8:24-cv-435-JMG, 2025 WL 2549280, at *9 (D. Neb. Sept. 4, 2025) (a nose cut and black eye from a fist fight is not objectively serious); *see Chavero-Linares*, 782 F.3d at 1041–42 (detainee altercation which resulted in only a minor cut and a mild concussion did not state a § 1983 claim).

Assuming that some of the alleged injuries are sufficiently serious, Bruce's allegations still fail. His complaint itself undermines any assertion that officials have been deliberately indifferent. As he acknowledges, medical officials have performed diagnostics, treated him, and prescribed medications. And they have done so despite uncertainty about how he obtained the injuries. Bruce says he had to piece together what happened to him over the course of a year. Diagnostics and treatment are necessarily more difficult when health care officials lack information. *Cf. Wilson v. Jefferson Cnty.*, No. 4:18-cv-1957 CAS, 2019 WL 4860665, at *12 (E.D. Mo. Oct. 2, 2019) (a plaintiff must "plausibly show it was obvious to a layperson that plaintiff required immediate medical attention"). Bruce said he is dissatisfied with the results of the medical care, but dissatisfaction with medical care does not on its own rise to a constitutional violation.

Bruce does not allege sufficient facts to plausibly establish that any prison official who provided him with medical care subjectively knew Bruce required even more medical attention such that the official acted with a mental state akin to criminal recklessness in disregarding a known risk to Bruce's health.

**IT IS HEREBY ORDERED** that Bruce's case is **DISMISSED**, without prejudice, for failure to state a claim.

Dated this 29th day of September, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI